IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-3258-CV-S-NKL-SSA |
| | ) |
| JO ANNE BARNHART, | ) |
| Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending before the Court is Plaintiff William Hale's ("Hale") Motion for Attorney's Fees [Doc # 16] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412. For the reasons set forth below, the Motion is granted.

After Hale filed his brief in this appeal of the Social Security Commissioner's ("the Commissioner") denial of his application for benefits, the Commission determined that remand for further development of the record was appropriate. Upon a Motion by the Commissioner [Doc. # 9], this Court, on November 30, 2005, reversed and remanded the decision of the Administrative Law Judge (ALJ) pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g) [Doc. # 13]. The Clerk of Court entered a final judgment in this case as of November 30, 2005.

1

Because the United States, or an agency or officer thereof, is a party to this case, the deadline to file an appeal ran or January 30, 2006, 60 days from the date of final judgment. *See* Fed. R. App. P. 4(a)(1)(B). Under the EAJA, Hale had 30 days from the date that the time for appeal expired, or until March 1, 2006, to file a motion for an award of attorney's fees. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ."); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (U.S. 1991) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."). Hale failed to file a timely motion.

On March 15, 2006, two weeks after his time to file for EAJA fees had expired, Hale moved for Leave to File a Motion for Fees out of Time [Doc. # 16]. In that motion, Hale stated that he had contacted the U.S. Attorney's office and that the U.S. Attorney did not object to the Motion for Leave to file out of time. Now, for the first time in its Suggestions in Opposition to the Motion for Fees, the Commissioner raises the 30-day rule as grounds to deny Hale's Motion. She also cites several cases standing for the proposition that equitable tolling is rarely applied to out-of-time EAJA motions for fees. *See, e.g., Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir.2002); *Hallgren v. United States Department of Energy*, 331 F.3d 588, 590 (8th Cir. 2003).

2

Yet, none of the cases cited by the Commissioner addresses the fact that she did not object to Hale's Motion for Leave to File out of Time.  The United States Supreme Court has held that the 30 day deadline to file a motion for fees under the EAJA is not a jurisdictional requirement.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (U.S. 2004) ("[T]he provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'") The Commissioner had an opportunity to raise the 30 day rule at the time Hale sought leave to file out of time.  By failing to do so, she waived her right to rely on 28 U.S.C. § 2412(d)(1)(B).  Thus, the Court concludes that Hale's Motion is not time-barred.

In her Suggestions in Opposition, the Commissioner concedes that if the Court does not find the motion time-barred, Hale's request for an award of $2,188.00 in fees (17.1 hours at $128 per hour) and $42.60 in costs is reasonable.  However, she argues that the additional award of the $250.00 filing fee should come from the Judgment Fund administered by the Department of Treasury rather than from EAJA Funds.  Pursuant to 28 U.S.C. § 2412, the Court may award reasonable attorney's fees to the prevailing party in any civil action brought against any official of the United States acting in his or her official capacity.  After consideration, the Court finds that the fees agreed to by the parties are reasonable.

Hale also requests that the Court permit him to make an application for 25 percent of Hale's back-due benefits if and when they are awarded.  The Commissioner correctly points out that such a request is premature since it has not yet been determined whether

3

Hale is entitled to any past-due benefits. The Court will, therefore, construe Hale's request as simply preserving his right to seek additional fees if and when they are warranted.

Accordingly, it is hereby

ORDERED that Hale's Motion for Attorney's fees under the EAJA [Doc. # 16] is GRANTED. Hale is awarded $2,231.40 in fees and costs to be made payable directly to Hale's counsel, Jason W. McPherson, by the Social Security Administration. Hale is also awarded $250.00 for the filing fee to be paid directly to Hale's Counsel from the U.S. Department of Treasury's Judgment Fund.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 2, 2006
Jefferson City, Missouri